IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------x
                                                                 :
AHMED-AL-KHALIFA                                                 :
                                                                 :    3:13 CV 277 (CSH)
v.                                                               :
                                                                 :
ORGANI[Z]ATION OF PETROLEUM                                      :
EXPORTING COUNTRIES                                              :    DATE: MARCH 13, 2013
-----------------------------------------------------------------x
```

<u>RULING ON PLAINTIFF'S MOTION FOR IFP, MOTION TO APPOINT COUNSEL,
AND RECOMMENDED RULING OF DISMISSAL</u>

On February 27, 2013, plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa, a citizen of Nigeria, commenced this action <u>pro se</u> against the Organi[z]ation of Petroleum Exporting Countries ["OPEC"], in which Complaint he alleges a violation of the Universal Declaration of Human Rights arising out of the price of crude oil price as "determine[d]" by OPEC, which "creates poverty, social hardship, economic hardship and severe hardship for Nigerian citizens[.]"  (Dkt. #1, at 2).

Along with his Complaint, plaintiff filed a Motion to Proceed <u>In Forma Pauperis</u>, pursuant to 28 U.S.C. § 1915 (Dkt. #2), and a Motion for Appointment of Counsel (Dkt. #4). In addition to this case, on February 26 and 27, 2013, plaintiff filed three additional cases, in all of which he also moves to proceed <u>in forma pauperis</u>. <u>See Ahmed-Al-Khalifa v. Kingdom of Spain</u>, 3:13 CV 271 (CSH); <u>Ahmed-Al-Khalifa v. Minister of Justice, Equality and Law</u>, 3:13 CV 272(CSH); <u>Ahmed-Al-Khalifa v. Jordan</u>, 3:13 CV 276(CSH). All four cases have been assigned to Senior United States District Judge Charles S. Haight, Jr., and have been referred to this Magistrate Judge.

In his Motion for Appointment of Counsel, plaintiff avers that he is "facing financial hardship since [his] unlawful deportation from the United States of America in June 2002."

(Dkt. #4, at 3; see also id. at 8)(emphasis omitted).[1] The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege.  Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction.  U.S. CONST., Art. III.  To come within this Court's subject matter jurisdiction, plaintiff must plead a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000.  See Da Silva v. Kinsho Int'l Corp, 229 F.3d 358, 363 (2d Cir. 2000).  As an initial matter, plaintiff, who was deported from the United States in 2002, is a citizen of Nigeria and the United States is not a member country of OPEC. In his Complaint, plaintiff asserts that subject matter jurisdiction is proper pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350, note.  (Dkt. #1, at 2).   The Alien Tort Statute "does no more than grant to the district courts 'original jurisdiction of any civil action by an alien for a tort, committed in violation of the law of nations or treaty of the United States.'"  Ali Shafi v. Palestinian Auth., 642 F.3d 1088, 1091 (D.C. Cir. 2011), aff'g, 686 F. Supp. 2d 23 (D.D.C 2010); see also Sosa v. Alvarez-Machain, 542 U.S. 692, 712-38 (2004).  Section 2(b) of the Torture Victim Protection Act requires U.S. courts to decline to hear such claims "if the claimant has not exhausted adequate and available remedies in the place" where the conduct occurred.  28 U.S.C. § 1350, note. Moreover, the Torture Victim Protection Act authorizes a cause of action against "[a]n

---

[1]However, in his Motion to Proceed In Forma Pauperis, he also avers that he resides in Winston Salem, North Carolina and is a student.  (Dkt. #2, at 2-3).

individual" for acts of torture and extra-judicial killings committed under authority of color of law in foreign countries.  See Mohamad v. Palestine Auth., ___ U.S. ___, 132 S. Ct. 1702, 1705 (2012).  The U.S. Supreme Court specifically held last year that foreign states may not be sued under the Act: "[T]he text of the statute persuades us that the [TVPA] authorizes liability solely against natural persons. . . . The text of the TVPA convinces us that Congress did not extend liability to organizations, sovereign or not."  Id. at 1708, 1710; see also id. at 1707-11.  Neither of these statutes afford jurisdiction over plaintiff's claims that the "rising cost of crude oil" "has subjected the majority of Nigerians . . . into starvation and abject poverty." (Dkt. #1, at 3).  Accordingly, this Magistrate Judge recommends to the Honorable Charles S. Haight, Jr., that this case be dismissed in its entirety as jurisdiction is lacking over plaintiff's claims.

The pro se plaintiff's Motion to Proceed In Forma Pauperis (#2) is denied, and even if there were grounds to grant such Motion, the undersigned recommends to Judge Haight that this case be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B).  In light of this conclusion, plaintiff's Motion for Appointment of Counsel (Dkt. #4) is denied as moot.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 13th day of March, 2013.

    /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge