## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| |
|---|
| AHMED-AL-KHALIFA, |
| |
| Plaintiff, |
| v. |
| |
| ORGANISATION OF PETROLEUM EXPORTING COUNTRIES, |
| |
| Defendant. |

3:13-CV-00277 (CSH)

## ORDER

### I.   INTRODUCTION

Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa brings this action *pro se* against the Organisation of Petroleum Exporting Countries (hereafter, "OPEC"), alleging that OPEC violates human rights by "determin[ing] the price of crude oil in the global market when such action creates poverty, social hardship, economic hardship, [and] severe hardship for Nigerian citizens." [Doc. 1] at 2.  Plaintiff asserts in the initial Complaint to this action that this Court's jurisdiction is proper under both the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350, note. *Id.*  On the same day on which Plaintiff filed this Complaint, Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis.  [Doc. 2].

On March 13, 2013, United States Magistrate Judge Joan G. Margolis issued a Ruling on Plaintiff's Motion for IFP, Motion to Appoint Counsel, and Recommended Ruling of Dismissal. [Doc. 7].  Magistrate Judge Margolis recommended to this Court "that this case be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B)." *Id.* at 3.  Plaintiff filed an Objection thereto on May 21,

2013, in which among other things Plaintiff contested the Magistrate Judge's conclusion that this matter ought to be dismissed. [Doc. 9].   Plaintiff also "respectfully requested the Court to delete the Torture Victim Protection Act" from the Complaint's jurisdictional claims.  *Id.* at 1.  The Court accordingly construes Plaintiff's Objection to constitute an Amended Complaint and, therefore, will not address in detail whether Plaintiff's claims may properly be brought under the Torture Victim Protection Act.[1]  In this Objection, Plaintiff also stated that Plaintiff seeks "the minimum of Nine Hundred Billion Dollars ($900,000,000,000.00)" for the alleged violations committed by OPEC. *Id.* at 2.

After careful consideration of Plaintiff's Complaint and Objection to the Magistrate Judge's Recommended Ruling as well as a thorough review of relevant law, this Court has determined that Plaintiff's claims cannot be brought under the Alien Tort Statute and, therefore, that Plaintiff has failed to state a claim upon which relief may be granted.  In consequence, the Court DISMISSES this matter in its entirety, under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss a case in which there has been a motion for proceeding *in forma pauperis* (hereafter "IFP") "if the court determines that ... the action ... fails to state a claim on which relief may be granted."  Indeed, as courts in this district have previously held, "[a]n IFP action *must* ... be dismissed sua sponte if it fails to state a claim on which relief may be granted."  *Aguilar v. U.S.*, 3:99-MC-00304, 1999 WL 1067841 at *2 (D. Conn. Nov.

---

[1]   However, the Court notes its agreement with Magistrate Judge Margolis that under recent United States Supreme Court precedent, foreign States may not be sued under the Torture Victim Protection Act, as the Supreme Court has stated that the Torture Victim Protection Act's text "authorizes liability *solely against natural persons*."  *Mohamad v. Palestine Auth.*, _ U.S. _, 132 S.Ct. 1702, 1708 (2012) (emphasis added).

8, 1999) (emphasis added); *see also, e.g., Estate of Musayelova v. Kataja*, 3:06-CV-00881, 2006 WL 3246779 at *2 (D. Conn. Nov. 7, 2006).  Such a dismissal, which is granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is warranted in those circumstances in which "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Aguilar v. U.S.*, 1999 WL 1067841 at *2 (internal quotation marks and citation omitted).

"Although '[a] document filed *pro se* is to be liberally construed,' ... this mandate does not require courts to allow lawsuits subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) to proceed." *Burke v. Patchen*, 3:08-CV-00639, 2008 WL 2783490 at *1 (D. Conn. July 15, 2008) (quoting *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)).  As Plaintiff in the case at bar is indeed *pro se*, the Court examines and reviews the claims contained in Plaintiff's Complaint under an appropriately broad and liberal standard.

## III.   THE ALIEN TORT STATUTE

The Alien Tort Statute bestows upon district courts original jurisdiction over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350.  Plaintiff states in his Complaint that this Court's "[j]urisdiction is proper pursuant to" the Alien Tort Statute and that, moreover, "[t]his [s]tatute is notable for allowing U.S. Courts to hear human-rights cases brought by foreign citizens for conduct[] committed outside the United States." [Doc. 1] at 2.

Plaintiff's jurisdictional assertion is barred and precluded by a very recent United States Supreme Court decision, which makes clear that the Alien Tort Statute cannot confer jurisdiction in this Court over conduct committed outside of the United States.  In *Kiobel v. Royal Dutch Petroleum Co.*, __ U.S. __ ,133 S.Ct. 1659 (2013), decided in April and subsequent to Judge

3

Margolis's opinion in the present case, the Supreme Court explicitly held that the Alien Tort Statute cannot be applied "to conduct in the territory of another sovereign." *Id.* at 1666. The Court reached that conclusion by citing and applying "a canon of statutory interpretation known as the presumption against extraterritorial application." *Id*. at 1664. *Kiobel* holds that the Alien Tort Statute cannot "provide a cause of action for conduct occurring" outside of the United States. *Id.* at 1668-69. The Court further specified that "[e]ven where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against extraterritorial application." *Id.* at 1669.

Under the clear language of *Kiobel v. Royal Dutch Petroleum Co.*, Plaintiff's claims cannot be brought under the Alien Tort Statute. These claims, which Plaintiff brings against OPEC for ramifications of OPEC's determination of the price of crude oil in the global market – *see* [Doc. 1] at 2 – concern acts and events which allegedly have occurred, and which allegedly continue to occur, *outside* the United States. The Supreme Court's holding in *Kiobel* makes clear that such claims, which "seek[] relief for violations of the law of nations occurring outside the United States," are "barred." *Kiobel v. Royal Dutch Petroleum Co.*, 133 S.Ct. at 1669. Further, as the Supreme Court cautioned in *Kiobel*: "And even where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against extraterritorial application." 133 S.Ct. at 1669 (citing *Morrison v. National Australia Bank Ltd.*, 561 U.S. _, 130 S.Ct. 2869, 2883-88 (2010) ("But the presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever *some* domestic activity is involved in the case," 130 S.Ct. at 2884)).

IV.     **CONCLUSION**

This Court concludes that, even under the broad reading of Plaintiff's Complaint that this

Court must render given that Plaintiff is *pro se*, Plaintiff does not state any claim in this action on

which relief can be granted.  Accordingly the Court DISMISSES Plaintiff's claims in their entirety.

The Court therefore need not and does not address other legal issues that arise out of

Plaintiff's claims.  It also need  not and does not address the immediate consequences of Plaintiff's

not having met the fourteen day deadline in which a party must serve and file written objections to

a Magistrate Judge's proposed findings pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2),[2]

an omission which under both the specific circumstances and Second Circuit precedent "may

preclude further judicial review."  *Alban v. Astrue*, 3:11-CV-01119, 2012 WL 6728050 at *3 (D.

Conn. Dec. 28, 2012).[3]

---

[2]   Magistrate Judge Margolis's Recommended Ruling was filed on March 13, 2013.
Plaintiff states in his Objection thereto that he received the Recommended Ruling on May 2,
2013.  *See* [Doc. 9] at 1.  Under 28 U.S.C. § 636(b), "[w]ithin fourteen days after being served
with a copy, any party may *serve and file* written objections to such proposed findings and
recommendations."  Although Plaintiff's signature to the Objection is dated May 2, 2013,
Plaintiff's Objection was not *filed* with this Court until May 21, 2013.

[3]   The Court does note, however, that Plaintiff may have waived his opportunity for
appellate review of the Magistrate Judge's Recommended Ruling given that Magistrate Judge
Margolis explicitly advised Plaintiff in her Ruling that, under 28 U.S.C. § 636(b) and Fed. R.
Civ. P. 72(b)(2) as well as under Rule 72.2 of the Local Rules of Magistrate Judges, "failure to
file timely objection to [a] Magistrate Judge's recommended ruling may preclude further appeal
to [the] Second Circuit." [Doc. 7] at 3-4; *see also*, *e.g., Small v. Sec'y of Healthy and Human
Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (noting that further judicial review of a magistrate judge's
ruling may be barred "when the parties receive clear notice of the consequences of their failure to
object" by a specified deadline); *Graham v. City of New York*, 443 Fed. Appx. 657, 658 (2d Cir.
2011).  However, this waiver rule is non-jurisdictional and the Second Circuit may, in its
discretion, excuse a party's failure to object in a timely manner "in the interests of justice."
*Graham v. City of New York*, 443 Fed. Appx. at 658 (quoting *Roldan v. Racette*, 984 F.2d 85, 89
(2d Cir. 1993)).

Plaintiff has brought four similar lawsuits under the Alien Tort Statute in this district.  All four actions are being dismissed by this Court for reasons similar to those discussed *supra*.[4]  Plaintiff has also filed at least half a dozen additional lawsuits under the Alien Tort Statute in other United States District Courts.[5]  In a ruling recommending dismissal of one such action, filed in the Northern District of Florida, Magistrate Judge Charles J. Kahn, Jr. noted Plaintiff's voluminous recent filings and commented that Plaintiff "seems to be seeking a forum that will allow these ... complaints to go forward," and that, furthermore, "[s]uccess in that regard appears unlikely."  *Oluwashina Kazeem Ahmed-Al-Khalifa v. Queen Elizabeth II*, No. 5:13-CV-00103, 2013 WL 2242459 at *2 (N.D. Fla. May 21, 2013).  Given the limited application of the Alien Tort Statute as it has been recently articulated by the United States Supreme Court, this Court must agree with Magistrate Judge Kahn that it is indeed unlikely that Plaintiff will have much success in going forward with lawsuits brought under this statute which concern underlying events and acts which took place outside of the United States.

The Recommendation of the Magistrate Judge that this action be dismissed is ACCEPTED, for the reasons stated in this Ruling.  The Complaint is DISMISSED, with prejudice and without

---

[4]  *See Ahmed-Al-Khalifa v. Kingdom of Spain*, No. 3:13-CV-00271 (D. Conn. 2013)*; Ahmed-Al-Khalifa v. Minister for Justice, Equality and Law Reform*, No. 3:13-CV-00272 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Jordan*, No. 3:13-CV-00276 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Trayers*, No. 3:13-CV-00869 (D. Conn. 2013).

[5]  *See, e.g., Oluwashina Kazeem Ahmed-Al-Khalifa v. King Sunnyade*, No. 1:12-CV-10288 (N.D. Ill. 2012); *Ahmed-Al-Khalifa v. Ecowas Court of Justice*, No. 1:13-CV-01380 (N.D. Ill. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Abba Moro*, No. 1:13-CV-01381 (N.D. Ill. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. European Court of Human Rights*, No. 1:13-CV-00142 (N.D. Ga. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Queen Elizabeth II*, No. 5:13-CV-00103 (N.D. Fla. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. The Salvation Army*, No. 3:13-CV-00289 (N.D.Fla. 2013).

costs.

The Clerk is directed to close the file.

The foregoing is SO ORDERED.


Dated: New Haven, Connecticut
       July 1, 2013


                                        /s/Charles S. Haight, Jr.
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge